IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RICHARD KISER, JR., INDIVIDUALLY                                PLAINTIFFS
AND ON BEHALF OF T.K. AND
A.K., MINORS

VS.                                         CIVIL ACTION NO. 3:08CV496TSL-JCS

ALLSTATE FINANCIAL GROUP A/K/A                                  DEFENDANTS
ALLSTATE FINANCIAL SERVICES, L.L.C.;
LINCOLN BENEFIT

ORDER

This cause is before the court on the motion of defendants Allstate Financial Services, LLC and Lincoln Benefit Life Company for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Richard Kiser, Jr. has failed to respond to the motion, and the time for doing so has since expired. Based on the following, the court concludes that defendants' motion is well taken and should be granted.

The complaint in this action sets forth various causes of action against defendants based on defendants' alleged failure to pay the insurance proceeds for a life insurance policy purchased by plaintiff's deceased son, Richard Kiser, III. Specifically, the complaint alleges claims for: (1) breach of fiduciary duty; (2) breach of contract; (3) breach of the duty of good faith and fair dealing; (4) negligent/intentional infliction of emotional distress; and (5) conspiracy. By their motion, defendants maintain that: (1) neither they, nor their agent had a fiduciary relationship with Richard Kiser, III; (2) plaintiff's decedent

failed to fulfill the conditions precedent to effect coverage under the relevant terms of the Temporary Insurance Agreement, and thus, no coverage was obtained[1]; (3) inasmuch as an insurance contract was never formed, the duty of good faith and fair dealing did not arise; (4) given that defendants rightfully denied plaintiff's claim for benefits, plaintiff cannot create an issue of fact as to negligent/intentional infliction of emotional distress; and (5) as there was no underlying tort committed, there can necessarily be no conspiracy.

In support of their motion, defendants have presented the affidavit of agent, David Niezgoda, wherein he states that the first and only time that he met the younger Kiser was on June 1, 2005, the date on which Kiser completed the insurance application, and that he explained to Kiser that the Temporary Insurance Coverage would not be effective until such time as he completed the required medical examinations. Defendants have also presented both the Temporary Insurance Agreement, which clearly provides that coverage will not commence until such time as the applicant completed the required medical exams, and the affidavit of a lab employee, who contacted Kiser to schedule his exams, and who states that Kiser requested that the exams be delayed until the

---

[1] Defendants have further presented proof showing that no insurance coverage commenced under the terms of the Temporary Insurance Agreement because within ten years of his completing the application, Kiser had pled guilty to the charge of possession of marijuana over one ounce with intent to distribute.

end of June 2005 (a date which was ultimately two weeks after Kiser's death). Accordingly, inasmuch as plaintiff has failed to respond to defendants' well-supported motion, the court concludes that it is due to be granted.

SO ORDERED this the 20th day of April, 2009.

                                                    _/s/ Tom S. Lee
                                              UNITED STATES DISTRICT JUDGE